**SO ORDERED.**

**SIGNED this 03rd day of March, 2011.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Anthony H. Schott | 10-54276-C |
| *Debtor* | Chapter 11 |

## Memorandum Decision and Order on Motion for Leave to Late File Complaint to Determine Dischargeability

Came on for consideration the motion of Kuldip Nijjar to late file a complaint under section 523(a)(2) against the debtor. Nijjar says that there is a lawsuit pending in Travis County, Texas, in which Nijjar is one of the defendants. In that suit, Nijjar has filed a counterclaim against the debtor. While the pendency of the lawsuit was noted in the debtor's statement of financial affairs, the existence of Nijjar's claim was neither listed nor acknowledged in the debtor's schedules, nor was Nijjar even listed in the creditor matrix. As a result, says Nijjar, he was not even aware of the pendency of the bankruptcy case, much less aware of the deadlines that were then running on filing a complaint objecting to dischargeability.

The court denies the motion because (a) the deadline for filing a complaint objecting to dischargeability cannot be extended and (b) the creditor has an adequate remedy that obviates any due process concerns.

Rule 4007(c) provides that the deadline for filing a complaint to determine dischargeability of debt under section 523(c) is 60 days after the first date set for the meeting of creditors under section 341(a). Notice of this deadline is to be given to "all creditors" as provided in Rule 2002. That rule in turn obligates the clerk of court to give notice of this deadline to "all creditors," *see* Rule 2002(f), by sending the notice to "the address shown on the list of creditors or schedule of liabilities." *See* Rule 2002(g)(2). Thus, the clerk discharges its duty when he sends notices to the persons on the creditor list filed by the debtor. The clerk has no duty to independently verify the accuracy of that list, or its completeness. Rule 9006(b) in turn states that the deadline set by Rule 4007 may be extended only to the extent and under the conditions stated in that rule. *See* Rule 9006(b)(3). Rule 4007(c) then says that the sixty day deadline set in that rule may only be extended by motion "filed before the time has expired." *See* Rule 4007(c).

While the deadine for filing such complaints is not jurisdictional, it is at the very least a limitations defense available to the debtor defendant if a complaint is untimely filed. *See Kontrick v. Ryan*, 540 U.S. 443 (2004). The limitations defense is of course waivable. *See id.* However, a court order authorizing a late filing would effectively eliminate the defense by *fiat*. The rules do not permit such relief (and it is for this reason that the court reaches the question without awaiting a response from the debtor). The deadline is routinely enforced by the courts. *See Neely v. Murchison*, 815 F.2d 345 (5th Cir. 1987).

Of course, this structure flirts with violating the proscriptions on the denial of due process, as set out in the U.S. Constitution. *See* U.S. Const., Amend. V. After all, if the debtor could simply assure no dischargeability objections by the simple device of not listing creditors likely to file such complaints, calm in the assurance that, in doing so, the creditors would never learn of the bankruptcy case in time to file a complaint, with no remedy under either the Code or the Rules, then surely that is a structure that would fail to pass muster under the Supreme Court's pronouncement in *Mullane v. Central Hanover Bank & Trust*, 3398 U.S. 306 (1950).[1]

The Bankruptcy Code anticipated this problem, however, in section 523(a)(3). That section says that a debt may be ruled nondischargeable on a showing that the debt was

> neither listed nor scheduled under section 521(1) of [title 11], with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit ...(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of [section 523(a)], timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request ...

11 U.S.C. § 523(a)(3)(B).   The Fifth Circuit has held that omitting a creditor from the creditor list has the same effect as omitting the creditor from the schedules. *See Matter of Smith*, 21 F.3d 660 (5th Cir. 1994).

─────────────

[1] The Supreme Court there explained that "in any proceeding which is to be accorded finality [there must be] notice, reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.*, at 315. Here, if a creditor is not listed, then the rules structure assures that the creditor will not receive notice in time to object to the discharge of the creditor's claim. Discharge, of course, is functionally a final disposition of the creditor's claim, permanently blocking as it does the enforcement of that claim as a personal liability against the debtor. *See* 11 U.S.C. § 524(a); *In re Egleston*, 448 F.3d 803 (5th Cir. 2006); *Matter of Edgeworth*, 993 F.2d 51 (5th Cir. 1993) (explaining that, while discharge does not eliminate the debt as such, it does permanently release the debtor from personal liability for that debt, eliminating that remedy from the creditor's arsenal).

This creditor thus has an adequate remedy to challenge the dischargeability of this debt, even though the time for filing a complaint under subsections (2), (4) or (6) has already run. The creditor will, of course, have to demonstrate that it lacked actual knowledge of the bankruptcy such that it did not have time to timely file a complaint. *See Matter of Sam*, 894 F.2d 778 (5th Cir. 1990) (creditor who had knowledge of the case 18 days before the deadline was not deprived of due process). In addition, the creditor will still have to prove up its underlying claim under one of these subsections. *See Jones v. Warren Construction (In re Jones)*, 296 B.R. 447, 451 (Bankr. M.D.Tenn. 2003) (creditor in a section 523(a)(3)(B) action must still prove the merits of its cause of action under subsections (2), (4), or (6); *accord TNL Constr., Inc. v. Waddell (In re Johnson)*, 2006 Bankr. LEXIS 4661, at *7 (Bankr. N.D.Tex. 2006) (stating that the "better view" is that the creditor in such a case must prove the merits of its nondischargeability claim to satisfy section 523(a)(3)(B)); *but see Haga v. National Union Fire Ins. Co. (In re*

*Haga)*, 131 B.R. 320, 327 (Bankr. W.D.Tex. 1991) (holding that the creditor need only a prove a "colorable claim" under subsections (2), (4), or (6)).[2]

One other notation is worth making. While there is case law to the effect that an action under section 523(a)(3) can be brought in a non-bankruptcy forum, the better view is that the action be brought in the bankruptcy court. This court has held that it is error for a creditor to rely on state law principles to the effect that discharge in bankruptcy is an affirmative defense that can be waived if not pleaded. *See Eastman v. Baker Recovery Services, et al. (In re Eastman)*, Adv. No. 08-5055, slip op., at 14-15 (Bankr. W.D.Tex. Apr. 17, 2009). To the contrary, the safer course for a creditor is to seek declaratory relief in this court (sooner rather than later, to avoid the running of laches) that the claim is nondischargeable under section 523(a)(3). That way, the creditor avoids the unpleasant experience of a complaint for damages for a violation of the discharge injunction. *See id.*

_____

[2] Judge Lundin, in *Jones*, persuasively makes the case for the "prove the merits" school:

> Cases allowing a "colorable" or "viable" § 523(a)(2), (4) or (6) claim to suffice for § 523(a)(3)(B) purposes support this judge-made rule with policy arguments such as promoting accuracy and thoroughness by debtors and bolstering the allocation of jurisdiction over dischargeability actions between the bankruptcy courts and the state courts. *See, e.g., Haga*, 131 B.R. at 326-27. Reading § 523(a)(3)(B) to include a requirement that the creditor prove the merits of the incorporated § 523(a)(2), (4) or (6) action simply states the obvious policy choice already made by Congress with respect to debtors who fail to list creditors: the short time periods and exclusive jurisdiction that a scheduled defrauded creditor faces under § 523(c) and Bankruptcy Rule 4007(c) are forfeited when the debtor fails to schedule a claim that would be nondischargeable under § 523(a)(2), (4) or (6). The debtor must live with the uncertainty of an unlimited statute of limitations with respect to omitted fraud claims. The possibility that unscheduled creditors with fraud claims have a choice of jurisdictions in which to litigate nondischargeablitiy hardly explains why the federal courts should excuse fraud creditors from proving nondischargeability when § 523(a)(3)(B) is at issue. The relaxed judge-made standard reads into § 523(a)(3)(B) congressional intent to bar the discharge of an inadvertently omitted debt--an outcome difficult to square with the robust policy of fresh start for the honest but unfortunate debtor.

*Jones v. Warren Construction (In re Jones)*, 296 B.R. 447, 451 (Bankr. M.D. Tenn. 2003).

Accordingly, the motion for leave to file, best construed as a request for permission to file a complaint objecting to dischargeability governed by section 523(c), is denied, for the reasons stated in this memorandum decision. However, no leave is required for the plaintiff to file an adversary proceeding under section 523(a)(3)(B), on grounds that the creditor lacked actual knowledge of the bankruptcy sufficient to permit it to file a timely objection to dischargeability. The creditor is simply reminded that, in that complaint, the creditor must also allege the entirety of its allegations that the debt in question would be nondischargeable under section 523(a)(2), following the holding in *In re Jones*, cited *supra*. The creditor is also reminded that such a complaint should be filed sooner rather than later, in order to avoid a defense of laches. *See In re Beatty*, 306 F.3d 914 (9th Cir. 2002).

# # #